# In the United States Court of Federal Claims

No. 19-369C
(Filed March 28, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
TECHNATOMY CORP.,                *
                                 *
            Plaintiff,           *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant,           *
                                 *
     and                         *
                                 *
SOLERS, INC. and                 *
NORTHROP GRUMMAN                 *
SYSTEMS CORP.,                   *
                                 *
            Defendant–Intervenors. *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

Before the Court is the government's opposition to Kenneth M. Reiss's application for access to information under the protective order of this case. *See* Def.'s Opp'n, ECF No. 27.  Mister Reiss is a Corporate Director and Assistant General Counsel for intervenor Northrop Grumman Systems Corp., *see* Reiss Appl. for Access, ECF No. 26 at 1, and the government opposes his application primarily on the ground that his access to the proprietary information in the administrative record could give Northrop Grumman a competitive advantage in future task order competitions under this procurement.  Def.'s Opp'n at 2.  The problem with this argument, as Northrop Grumman explains in its response, Northrop Grumman's Resp. to Def.'s Opp'n at 1, ECF No. 30, is that Mr. Reiss already has access to this information---as his application was not opposed in the companion case *Novetta, Inc. v. United States*, No. 19-330C, EFC No. 24, which contains an identical administrative record.  Allowing his access to the information for purposes of this case would thus not increase any risk of inadvertent disclosure of protected

materials, but the denial of his application would severely hinder his ability to assist Northrop Grumman in the litigation of this bid protest.

Mister Reiss in his application attests that he is "not involved in competitive decisionmaking," in compliance with the requirements of *United States Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). Reiss Appl. for Access at 1. He attaches a supplemental statement in which he explains that his duties are "limited to supporting litigation" and that he has "not assumed any competitive decision making responsibilities." Suppl. Statement to Reiss Appl. at 2. Moreover, he describes how the lawyers in his office are functionally, organizationally, and physically separate from the business units which make competitive and procurement-related decisions. *Id.* He also explains the measures he will take to keep the protected material from Northrop Grumman's facilities and network. *Id.* at 3.

Considering the relevant factors, *see* Rules of the United States Court of Federal Claims, Appendix C ¶ 18(c), Northrop Grumman has persuasively demonstrated its need for Mr. Reiss's access, given their small team of outside counsel and the quick filing deadlines involved in this case. Northrop Grumman's Resp. to Def.'s Opp'n at 4–6. It is also clear that because Mr. Reiss has access to these materials in the *Novetta* case---and had access to the pre-corrective action materials in the prior Government Accountability Office proceedings---his access to the materials in this case would not pose any increased risk of inadvertent disclosure, to the detriment of other competitors. In this regard, it is noteworthy that none of the three private competitors of Northrop Grumman who are participating in *Novetta* or this case have objected to Mr. Reiss's access to the protected materials (nor did the government in *Novetta*). And the Court notes that Mr. Reiss has been admitted under GAO protective orders in numerous bid protests. Decl. of Kenneth M. Reiss, ECF No. 30-1 at 2. In any event, Northrop Grumman and Mr. Reiss have sufficiently demonstrated Mr. Reiss's lack of physical, organizational, and virtual involvement with the procurement decisions of the company. *See id.*; Northrop Grumman's Resp. to Def.'s Opp'n at 7; Suppl. Statement to Reiss Appl. at 2–3. The Court concludes that permitting Mr. Reiss access to information already available to him cannot competitively disadvantage any party to the present dispute or any other competitor involved in this procurement, and accordingly his access to information under the protective order is **GRANTED**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge
