# In the United States Court of Federal Claims

No. 19-369C
(Filed under seal July 31, 2019)
(Reissued August 13, 2019)†

* * * * * * * * * * * * * * * * * *
|   |   |
|---|---|
| **TECHNATOMY CORP.,** | Post-award bid protest; corrective action following GAO protest; no waiver under *Blue & Gold*; price reasonableness; best-value tradeoff; neutral past performance. |
| Plaintiff, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant, | |
| and | |
| **SOLERS, INC., NORTHROP GRUMMAN SYSTEMS CORP. and BOOZ ALLEN HAMILTON, INC.,** | |
| Defendant–Intervenors. | |

* * * * * * * * * * * * * * * * * *

*Julie M. Nichols*, Roeder & Cochran, PLLC, with whom was *James S. Phillips*, both of McLean, Va., for plaintiff.

*Jessica L. Cole*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Patricia M. McCarthy*, Assistant Director, all of Washington, D.C., for defendant.  *Travis L. Vaughan*, Office of General Counsel, Defense Information Systems Agency, of Fort Meade, Md., of counsel.

---

† This order was originally filed under seal, to allow the parties the opportunity to propose redactions.  No redactions were proposed.  The order is reissued for publication with a few minor, non-substantive corrections.

*Michael J. Gardner*, Greenberg Traurig, LLP, with whom were *Shomari B. Wade* and *Brett A. Castellat*, all of McLean, Va., for defendant-intervenor Solers, Inc.

*Deneen J. Melander*, Robbins, Russell, Englert, Orseck, Untereiner & Sauber, LLP, with whom was *Lanora C. Pettit*, both of Washington, D.C., for defendant-intervenor Northrop Grumman Systems Corp. *Richard A. Sauber*, of Washington, D.C., of counsel.

*Gary J. Campbell*, Womble Bond Dickinson (US) LLP, of Boston, Mass., with whom were *G. Matthew Koehl* and *Nathaniel J. Greeson*, both of Washington, D.C., for defendant-intervenor Booz Allen Hamilton Inc.

# ORDER

WOLSKI, Senior Judge.

For the reasons stated on the record at the status conference held on Thursday, July 18, 2019, the cross-motions for judgment on the administrative record of defendant and defendant-intervenors are **GRANTED**, and plaintiff's motion for judgment on the administrative record is **DENIED**. A brief summary of that ruling follows.

In this case, after a Government Accountability Office (GAO) protest brought by plaintiff Technatomy Corp. was sustained on two grounds and denied on several others, *see* Admin. R. (AR) 36333–58, the Defense Information Systems Agency (DISA or agency) undertook corrective action. This resulted in the award of task order contracts to fifteen offerors, but the plaintiff was not among them. AR 36502. Technatomy then filed this post-award bid protest, challenging the price reasonableness and best value analyses conducted by DISA upon the GAO's recommendation, as well as several aspects of the technical evaluations that were unsuccessfully advanced in the GAO protest. Compl. ¶¶ 176–212.

The Court determined that DISA conducted a meaningful price reasonableness analysis, in compliance with 48 C.F.R. § 15.404-1(b)(2), by comparing the prices of offerors to each other's, to the average price, to the independent government cost estimate, and to the prices under other contracts, and by explaining that variations were due to differing risk preferences and technical approaches. *See* AR 36359–62. The Court also found that it was not arbitrary for DISA to perform best-value tradeoffs only between plaintiff and the awardees with higher prices and higher technical ratings. When an offeror beats the protester on both grounds, no tradeoff is even possible, *see* 48 C.F.R. § 15.101-1(a), and the Court notes that at least three non-awardees --- IPKeys, LongView International Technology Solutions, and Unisys, *see* AR 4329–32, 4364–68, 4435–40 --- had lower prices and better technical ratings than Technatomy. The tradeoffs that were

performed properly focused on whether the specific qualities, strengths, and associated benefits of proposals justified paying a higher price than what plaintiff offered. *See* AR 36464–502. And the agency followed the solicitation criteria, *see* AR 492, in assigning and treating a rating of neutral confidence for one offeror's past performance, AR 4261, 36475 --- a determination that the Court cannot find improper, given the great deference afforded to such judgments, *see Gulf Grp., Inc. v. United States*, 61 Fed. Cl. 338, 356–57 (2004).

Concerning aspects of the technical evaluations that were not addressed in the corrective action, the Court found that none of Technatomy's challenges demonstrated arbitrary and prejudicial action by the agency. The sorting process used by DISA in its initial source selection followed the relative importance of each non-price factor and, contrary to Technatomy's assertion, the second-most important factor *was* decisive in the determination not to make an award to an offeror. *See* AR 4462 (NCI, Inc.). The one weakness assigned plaintiff was rationally supported, was based on solicitation criteria, and also did not affect its technical rating. *See* AR 112–13, 2775, 4431–32. Although Technatomy appears to be the only offeror to have received critical notations from the evaluation board concerning proposal aspects that were not deemed weaknesses, *see* AR 4013, 4431, these two notes did not factor into the best-value calculus, *see* AR 36464–502. The Court found that the evaluation board's failure to enter on a chart the dates that the legal team and the board finished editing Technatomy's evaluation did not prove that the evaluation was not completed, but merely showed that the chart itself was not completed --- as numerous other fields were left blank. *See* AR 3962–68. The record did not support Technatomy's speculative claim that evaluators must have been too tired by the time they reached "T" in the alphabet to properly focus on its problem statements submissions, as offerors Unisys and Vencore received strengths for Factor 3. *See* AR 4436–38, 4444–46.[1] And plaintiff failed to show that the agency arbitrarily deprived it of an "Outstanding" rating for Factor 4, as the only offerors who achieved that rating had at least four strengths in the factor, *see* AR 4271, 4299, 4312, 4368, 4375, 4404, 4418, 4440, 4448, compared to Technatomy's two, *see* AR 4433.

One issue presented in this protest does warrant further elaboration. The government, and intervenors Northrop Grumman and Booz Allen Hamilton, each argue that the waiver rule from the Federal Circuit's decision in *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1313–15 (Fed. Cir. 2007), should be extended to preclude the protest grounds that Technatomy unsuccessfully raised before the GAO. While the Federal Circuit has not applied the waiver rule outside of the context of challenges to solicitation language, *see, e.g.*, *Sys. Appl. & Techs., Inc. v.*

---

[1] The Court notes that Factor 3 submissions were reviewed from November 2, 2017 to March 19, 2018, AR 4021, and that nothing in the record indicates that they were reviewed in alphabetical order.

*United States (SA-TECH)*, 691 F.3d 1374, 1384–85 (Fed. Cir. 2012) (explaining that only the "[p]art of the proposed corrective action" that concerned a "proposed amendment to the solicitation" would have been waived if not brought before the proposal submission deadline), many of our court's judges, including the undersigned,[2] have recognized that the rule should be applied in additional circumstances.

Typically, these circumstances involve bid protests brought by an initial *awardee* challenging a decision to undertake corrective action, *see NVE, Inc. v. United States*, 121 Fed. Cl. 169, 178–79 (2015), as such parties are injured by having to win the same award twice, and the decision is neither interlocutory nor without legal consequences, *see SA-TECH*, 691 F.3d at 1382, 1384. In contrast, the initially unsuccessful offeror which obtains corrective action as a result of bringing a GAO protest cannot usually be said to have been injured by this remedy, particularly when the GAO recommended the course of action---as that office will only do so when it has been convinced that the protester's substantial chance of winning the award would thereby be restored. *See Statistica, Inc. v. Christopher*, 102 F.3d 1577, 1581 (Fed. Cir. 1996) (citing *McDonald-Bradley*, B-270126, 96-1 CPD ¶ 54, 1996 WL 50643, *2 (Comp. Gen. Feb. 8, 1996)).[3] The government and its allies nevertheless contend that by complaining about technical evaluation determinations that were not revisited during the corrective action, Technatomy is in reality attempting an untimely challenge to the scope of the corrective action.

The Court rejects these arguments for two reasons. First, the Court does not find that Technatomy could have brought these challenges once the corrective action, recommended by the GAO, had begun. Because of that corrective action, the decision which injured plaintiff---the source selection decision---was no longer in force, and none of the technical evaluation decisions which plaintiff challenges were the sort which necessarily disqualified plaintiff. Until the technical determinations are applied in a best-value analysis and an award (or competitive range) decision, they are interlocutory by nature. Thus, plaintiff had neither standing nor a ripe

---

[2] *See, e.g.*, *Land Shark Shredding, LLC v. United States*, No. 18-482C, 2018 WL 2306869, *1 (Fed. Cl. May 21, 2018) (finding challenge to cancellation of earlier solicitation waived by participation in subsequent procurement); *Cargo Transp. Sys. Co. v. United States*, No. 16-1481C, 2017 WL 1406862, *1 (Fed. Cl. Apr. 20, 2017) (finding challenge to negative responsibility determination waived because this decision prevented award to the protester, which knew of its baseless nature prior to submitting a revised proposal).

[3] Sufficient injury to support standing may be found for an unsuccessful offeror which believes that *voluntary* corrective action would be futile, due to the alleged bias of the procurement officials who are to conduct this action. *See Jacobs Tech. Inc. v. United States*, 131 Fed. Cl. 430, 442–46 (2017).

claim to pursue once the corrective action was announced.  To find otherwise would open the floodgates to bid protests challenging evaluation minutiae brought by parties that had not yet even been excluded from a competitive range.[4]

Second, and more fundamentally, the Court finds that Technatomy preserved these protest grounds by raising them before the GAO in the first place.  The *Blue & Gold* waiver rule takes aim at the inefficiencies that would otherwise result from the strategic behavior of offerors who keep patent errors to themselves until a costly and time-consuming stage of a procurement is avoidably conducted to completion. *See Blue & Gold*, 492 F.3d at 1314–15.  It is not disputed that plaintiff's protest grounds concerning the technical evaluations of proposals were previously included in the GAO protest, and a timely, formal objection is all that is necessary to preserve grounds that are subject to *Blue & Gold* waiver.  *See DGR Assocs., Inc. v. United States*, 690 F.3d 1335, 1338–39, 1343 (Fed. Cir. 2012) (recognizing that a challenge to a solicitation term, in a post-award bid protest filed in our court, was preserved by the filing of a formal, agency-level protest before the proposal submission deadline); *cf. Synergy Sols., Inc. v. United States*, 133 Fed. Cl. 716, 739–40 (2017) (finding protest ground waived because it was not included in a previous GAO protest rendered academic by voluntary corrective action).  Far from waiving these protest grounds, Technatomy preserved them by including them in its GAO protest.  *See Vanguard Recovery Assistance v. United States*, 99 Fed. Cl. 81, 90–92 (2011).  While the extension of *Blue & Gold* urged by the government and two intervenors would no doubt make the GAO a less attractive forum for bid protests, the Court does not see how requiring winning GAO protesters to protest their own corrective actions can be considered efficient.

For the foregoing reasons, as well as the reasons stated on the record at the status conference held on Thursday, July 18, 2019, plaintiff's motion for judgment on the administrative record is **DENIED**; the government's, Northrop Grumman's, and Booz Allen Hamilton's motions to dismiss Count III are **DENIED**; and defendant's and intervenors' cross-motions for judgment on the administrative record are **GRANTED**.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

                                                s/ Victor J. Wolski
                                                **VICTOR J. WOLSKI**
                                                Senior Judge

---

[4]  The only opinion from our court which could be viewed as supporting such a result, *Global Dynamics, LLC v. United States*, 130 Fed. Cl. 211 (2016), involved an agency request during discussions which the protester believed was unlawful in the absence of certain solicitation language, similar to (or the flip-side of) the situation presented in *Blue & Gold*.  *See id.* at 214–16.